BOYER, Chief Judge.
Numerous points are raised in this appeal, all being without merit. However, appellant’s contention that the trial court erred in reducing her alimony necessitates a written opinion. Appellant has apparently misconstrued the import of our decision in White v. White, Fla.App. 1st 1974, 296 So.2d 619.[1] In that case we held that, in the absence of a pre-existing order to the contrary, a father’s legal obligation to support his competent child ceases when the child attains 18 years of age. We did not hold nor infer that a father may not or should not aid his child, particularly in regard to the obtaining of an education. We there said:
“. . . It is certainly desirable and laudable for parents to encourage their offspring to get a college education if he or she is college material. . . . ”

“If the son deserves his father’s financial help we would encourage and urge the father, appellant here, to respond...."
Sub judice appellant urges that the expenditures by her former husband (appel-lee) incident to educating their children who have already attained 18 years of age should not be considered as a legitimate obligation and expense by the appellee in determining his net financial condition. As demonstrated by those parts of our White opinion above quoted, that decision is not subject to the construction contended by appellant. The learned and able trial judge did not err.
Affirmed.
RAWLS and MILLS, JJ., concur.

. Under the facts of the case sub judice, the import of White is not diminished by (and is probably strengthened so far as the point here resolved is concerned) Finn v. Finn, Sup.Ct. Fla.1975, 312 So.2d 726.